Filed 11/1/17

# IN THE SUPREME COURT OF CALIFORNIA

LATRICE RUBENSTEIN, )
          )
      Plaintiff and Appellant, )
          )         S234269
      v. )
          )    Ct.App. 4/1 D066722
DOE NO. 1 et al., )
          )      Imperial County
      Defendants and Respondents. )  Super. Ct. No. ECU08107
_____)

## ORDER MODIFYING OPINION AND
## DENYING PETITION FOR REHEARING

THE COURT:

The opinion in this matter filed August 28, 2017, and appearing at 3 Cal.5th 903, is modified as follows:

1.    On page 910 of the opinion, the first full paragraph beginning, "As noted, the claim must be presented" is modified to read as follows:

> As noted, the claim must be presented "not later than six months after the *accrual* of the cause of action." (Gov. Code, § 911.2, subd. (a), italics added.) A cause of action for childhood sexual molestation generally accrues at the time of the alleged molestation. (*Shirk*, *supra*, 42 Cal.4th at p. 210.) Plaintiff could have sued at that time. We must decide whether the changes to section 340.1 caused her action to accrue later or to *reaccrue* at a later time. *Shirk* held the changes did not do so, at least for

1

causes of action that had lapsed and been revived.  But plaintiff argues, and the Court of Appeal found, that a claim that had never lapsed did not accrue under section 340.1 until a later time.

2.    On page 913 of the opinion, the sentence that reads "Section 340.1 did not cause it to reaccrue." is modified to read as follows:

Section 340.1 did not delay accrual or cause the action to reaccrue.

3.    On page 915 of the opinion, at the end of the third full paragraph, the following footnote is added as footnote 2:

We do not address any question regarding those plaintiffs whose civil actions would be timely under section 340.1, subdivision (a), without reliance on the statute's delayed discovery provisions because they are brought within eight years of majority.  Specifically, we do not decide whether such a plaintiff may rely on judicially recognized principles of delayed discovery to postpone accrual for purposes of Government Code section 911.2.

4.    On page 916 of the opinion, footnote 2 is renumbered as footnote 3.

These modifications do not affect the judgment.

The petition for rehearing is denied.

Liu and Cuéllar, JJ., are of the opinion the petition for rehearing should be granted.